UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:12-CR-00146-FDW

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | **ORDER** |
| SYLVESTER CRUSE JR., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Sylvester Cruse, Jr.'s Emergency Motion for Compassionate Release, (Doc. No. 168), and Motion for Sentence Reduction (Doc. No. 180.) This matter has been fully briefed, (Doc. Nos. 172, 173, 175, 176, 183, 184), and is ripe for ruling. For the reasons set forth below, Defendant's Motions are **DENIED**.

## I. BACKGROUND

A Grand Jury indicted Defendant Sylvester Cruse, Jr., on five counts on April 19, 2012. (Doc. No. 17.) These included: (1) Hobbs Act conspiracy to interfere with commerce by threats or violence; (2) conspiracy to distribute and possess with intent to distribute cocaine; (3) possession of a firearm in furtherance of a crime of violence or a drug trafficking crime; (4) conspiracy to use or carry a firearm in furtherance of a crime of violence or a drug trafficking crime; and (5) possession of a firearm by a felon. (Id.) On July 15, 2014, a jury returned a guilty verdict on all counts. (Doc. No. 125.) On September 9, 2015, the Court sentenced Defendant to an aggregate sentence of 300 months imprisonment. (Doc. No. 143.)

After a July 2015 appeal, the Fourth Circuit affirmed Defendant's conviction and sentence. (Doc. No. 161.) Defendant is fifty-seven years old and is currently incarcerated at F.C.I. Bennettsville, South Carolina. (Doc. No. 176.) On October 1, 2020, Defendant filed an Emergency

1

Motion for Compassionate Release. (Doc. No. 168.) On September 22, 2022, Defendant filed a separate Motion for Sentence Reduction under § 3582(c)(1)(A). (Doc. No. 180.) Between these two motions, Defendant argues four circumstances represent extraordinary and compelling reasons supporting a sentence reduction: (1) he faces an increased risk of contracting COVID-19 while incarcerated, as well as a greater risk of severe illness or death; (2) changes in the law since his conviction would result in a lesser sentence were he convicted today; (3) it is unjust to prosecute and convict individuals for crimes that allegedly never would have occurred without law enforcement engaging in a reverse sting operation; and (4) his 21 U.S.C. § 924(c) conviction is invalid under the standards adopted in United States v. Davis, 588 U.S. 445 (2019). He further argues the sentencing considerations outlined in 21 U.S.C. § 3553(a) support compassionate release or reduction in his sentence. For the reasons below, this Court disagrees and finds neither extraordinary and compelling reasons for Defendant's release nor a sentence reduction. This Court further disagrees the Section 3553(a) factors counsel a sentence reduction.

## II. STANDARD OF REVIEW

Defendant's Motions seek a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In December 2018, Congress enacted the First Step Act ("the Act"). See Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which permits federal district courts to reduce a prisoner's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the Act's adoption, only the Bureau of Prisons ("BOP") could raise motions to reduce prisoner sentences. Id. Under the amended statute, however, a court may conduct review "upon motion of the defendant" if he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." United States v. Centeno-Morales, 90 F.4th 274, 278–79 (4th Cir. 2024).

In the Fourth Circuit, the exhaustion requirement of § 3852(c)(1)(A) is not jurisdictional, but a claim-processing rule, and may be waived or forfeited if the United States fails to raise it. United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021). After a defendant has exhausted all administrative options or the United States fails to raise the point, the district court generally conducts a two-part inquiry to determine whether a sentence reduction is appropriate under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

First, the defendant must demonstrate "extraordinary and compelling reasons." United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions for compassionate release, as permitted under the Act, and expanded the list of circumstances sufficient to support such a motion under § 3582(c)(1)(A). See U.S. Sent'g Guidelines § 1B1.13. The amendments became effective on November 1, 2023. Id. These amendments superseded the bulk of the case law that had developed over the past several years while there was no policy statement applicable to defendant-filed motions. See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). However, while drafting the new policy statement, the Sentencing Commission considered case law that had developed after the enactment of the Act in the absence of a binding policy statement. U.S. Sent'g Guidelines § 1B1.13 amend. 814 (Supp. to App. C 2023) (discussing Amendment 814 in light of the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022)); United States v. Ingram, No. 3:10-CR-00069-FDW, 2024 WL 1056027, at *2 (W.D.N.C. Mar. 11, 2024), aff'd, No. 24-6274, 2024 WL 2828121 (4th Cir. June 4, 2024). The amended policy

3

statement also set forth a list of specified "extraordinary and compelling reasons" that, considered either alone or in combination, may warrant a reduction in sentence, including:

> (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

United States v. Medina, No. 1:16-CR-00051-MR-WCM-2, 2024 WL 2734958, at *1 (W.D.N.C. May 28, 2024) (citing U.S. Sent'g Guidelines § 1B1.13(b)(1)-(6)).

Second, if that burden is met and the defendant can show extraordinary and compelling reasons for a reduction in his sentence, the court must then evaluate the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable and decide whether to exercise its discretion to reduce the defendant's term of imprisonment. Hargrove, 30 F.4th at 195. Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable Section 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and

4

sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

### III. EXHAUSTION

Administrative exhaustion is the preliminary issue in Defendant's original 2020 Emergency Motion for Compassionate Release. While the exhaustion requirement may be waived, the United States has not waived it in the instant matter. (Doc. No. 172.) The record demonstrates Defendant failed to exhaust his administrative remedies with the BOP prior to filing his Emergency Motion for Compassionate Release with the Court. Therefore, the Court must dismiss his 2020 Motion. Id.[1]

In July of 2022, Defendant requested compassionate release from the warden of F.C.I. Bennettsville. The record does not suggest F.C.I. Bennettsville's warden responded to Defendant's request. The Court is thus satisfied Defendant has exhausted administrative remedies, as required, and will proceed and to consider the merits of his 2023 Motion.

---

[1] Even considering on the merits Defendant's assertion that his particular vulnerability to COVID-19 creates an extraordinary and compelling reason warranting a modification of his sentence, his argument fails. The mere risk of infection of COVID-19 does not constitute an extraordinary and compelling reason for granting compassionate release. United States v. Feiling, 453 Fed. Supp. 3d 832, 841 (E.D. Va. 2020). An inmate will only be granted compassionate release if he or she can "a particularized susceptibility to the disease and a particularized risk of contracting the disease at his [or her] facility." Id. As of June 20, 2024, the facility housing Defendant is not presently affected, or at imminent risk of being affected, by an outbreak of COVID-19. See U.S. Sent'g Guidelines § lB1.13(b)(1)(D)(i); see also United States v. Deiguez, No. 3:13-CR-00020, 2024 WL 2808656, at *3 (W.D.N.C. May 31, 2024) (finding three active cases in F.C.I. Bennettsville did not suggest the facility was "affected or at imminent risk of being affected" by an outbreak of COVID).

5

## IV. ANALYSIS

Defendant has not demonstrated extraordinary and compelling reasons for this Court to grant his Motion for Sentence Reduction.

In his 2023 Motion to Reduce Sentence, Defendant raises three principal arguments: (1) changes in the law would result in Defendant receiving a lesser sentence if he were convicted today; (2) it is unjust to prosecute and convict individuals for crimes that never would have occurred absent prompting by law enforcement officers; and (3) his § 924(c) conviction is invalid because conspiracy to commit Hobbs Act robbery cannot serve as a violent predicate felony for § 924(c) convictions. For the reasons discussed below, Defendant fails to demonstrate an extraordinary and compelling reason that would justify a reduction in his sentence. He also fails to demonstrate Section 3553(a) factors counsel in favor of sentence reduction.

### A. Unusually long sentence

Defendant contends that if he were convicted and sentenced to prison today for Count Two, conspiracy to distribute and possess with intent to distribute cocaine, his sentence would be substantially shorter, and this disparity presents an extraordinary and compelling reason for a sentence reduction. This Court disagrees, as Defendant's sentence does not appear to be grossly disproportionate, and Defendant's twenty-year sentence is the culmination of three concurrent convictions.

A gross disparity between the sentence a defendant received prior to the adoption of the Act and the sentence a defendant would have received in its wake can be an "extraordinary and compelling reason" for compassionate release. Davis, 994 F.4th at 654. The revised policy statement provides a defendant is eligible for a sentence reduction if he or she can demonstrate: (1) the defendant received an "unusually long sentence;" (2) a change in the law has produced a

6

"gross disparity between the sentence being served and the sentence likely to be imposed" at the time of the motion's filing; (3) the defendant has "served at least ten years of the term of imprisonment;" and (4) "full consideration of the defendant's individualized circumstances" support a finding of extraordinary and compelling circumstances. U.S. Sent'g Guidelines §§ 1B1.13(b)(6) and (c); see also United States, v. Legrand, No. CR CCB-10-052, 2024 WL 2941282, at *5 (D. Md. June 11, 2024).

The Fourth Circuit has recognized "gross" or "exceptionally dramatic" sentencing disparities between a sentence under prior and present law may constitute "extraordinary and compelling reasons" warranting a sentence reduction. McCoy, 981 F.3d at 274–75, 285, 288 ("[T]he enormous disparity between [the original] sentence and the sentence a defendant would receive today can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)."); but see United States v. Reams, No. 1:14-CR-426-1, 2022 WL 2834341, at *4 (M.D.N.C. July 20, 2022) ("A change in sentencing law alone does not compel compassionate release."), appeal dismissed, No. 22-6957, 2022 WL 18716532 (4th Cir. Nov. 16, 2022). There is no bright line rule or formulaic approach to determine what "disparity" between sentences must exist in order to be considered "extraordinary and compelling," and courts instead look to a defendant's individualized circumstances. See United States v. Johnson, No. 2:08-CR-00930-DCN-7, 2023 WL 24129, at *4 (D.S.C. Jan. 3, 2023) ("[D]istrict courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today."); United States v. Vailes, No. 3:07-CR-00162-FDW, 2023 WL 4375490, at *2 (W.D.N.C. July 6, 2023) (collecting cases).

Defendant contends changes in mandatory minimum sentencing enhancements for individuals with prior convictions for serious drug felonies under 21 U.S.C. § 841 have created a disparity between his sentence and the sentence he would be likely to receive today. At time of conviction, Count Two of Defendant's indictment, conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851, carried an enhanced mandatory minimum sentence of twenty years for any offender who had a single prior conviction for a serious drug felony or serious violent felony. Despite Defendant's two prior serious drug felonies, the United States opted to pursue an enhancement under the single predicate conviction standard, determining a 240-month sentence was sufficient to accomplish the objectives of § 3553(a). Presently, a conviction under the same statutes carries a mandatory minimum sentence of fifteen years. 21 U.S.C. § 841; First Step Act of 2018, PL 115-391, 132 Stat. 5194, § 401(c). Upon adoption, this amendment was not made fully retroactive. First Step Act, § 401(c). Nonetheless, the Supreme Court has determined "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." Concepcion, 597 U.S. at 500.

As a starting point, the change in intervening law and guidelines on which Defendant relies were not made retroactive and therefore have no effect on the *validity* of his career offender designation. Furthermore, there is no evidence on the record to suggest Defendant would not be classified as a career offender if convicted under present law. Today, Defendant's advisory guidelines for Count Two, assuming the United States did not bring charges enhanced by Defendant's two prior convictions for serious drug felonies, would be between 180 months and life, a disparity of sixty months at the bottom of the ranges. See 21 U.S.C. § 841. The Court concludes this fails to rise to the level of "extraordinary and compelling" based on an

individualized analysis of Defendant's circumstances and the record in the case. United States v. Abrams, No. 3:11-CR-00384-FDW, 2023 WL 3397418, at *3 (W.D.N.C. May 11, 2023) (holding that a "sentencing disparity of 67 months at the bottom of the ranges" failed to rise to the level of "extraordinary and compelling" based on an individual analysis of the defendant").

Defendant was forty-five when he committed the instant offense, and had accumulated an extensive list of twenty previous criminal convictions dating back to 1985, including two serious drug felony offenses and one serious violent crime. He is categorized as a Career Offender and an Armed Career Criminal. Pursuant to Sections 4B1.1(b) and 4B1.4(c)(1) of the Sentencing Guidelines, Defendant has a criminal history category of VI. At sentencing, the United States opted to remove a predicate offense that would have significantly enhanced Defendant's sentence to mandatory life imprisonment out of a sense of "fundamental fairness" and to avoid "a wide sentencing disparity" between Defendant and his coconspirators; this Court termed that decision "basically an act of mercy." (Doc. No. 157.) Critically, this Court also stated, "if there was no statutory minimum," it still would have sentenced Defendant to the "300-month range," considering Defendant's "serious criminal history" and to avoid potential disparities between Defendant and his coconspirators. (Id.) As this Court stressed it would impose a similar sentence regardless of the circumstance, the Court finds Defendant's assertion he would have received a lesser sentence were he tried today unfounded. (Id.)

Moreover, Defendant's twenty-year sentence was driven by three separate convictions, rather than Count Two alone. As emphasized by the United States, Defendant was convicted of not one charge, but of three, each carrying a concurrent prison sentence of 240 months. (Doc. Nos. 143, 157.) As a result, any reduction in Defendant's sentence for his Count Two conviction alone would not change his projected release date.

### B. Unjust prosecution

Defendant asserts there was inherent injustice in his prosecution, which stemmed from a reverse sting operation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and Charlotte-Mecklenburg Police Department, which, he argues, amounts to extraordinary and compelling reasons to reduce his sentence. Defendant relies on out-of-circuit case law, which begrudgingly underscores the legality of reverse sting operations and bemoans their morality. United States v. Conley, 875 F.3d 391, 402–04 (7th Cir. 2017) (collecting cases disagreeing morally with the practice but upholding a reverse sting conviction). This is neither controlling precedent, nor does it support Defendant's proposition. (See Doc. No. 157 ("The defendant objects to the fact that there was no controlled substance actually involved in this case, and he is correct factually, but that is immaterial legally.")).

Defendant further contends his conviction for violating 18 U.S.C. § 924(c)(3)(B), possession of firearm in furtherance of a crime of violence or a drug trafficking crime, presents extraordinary and compelling reasons to reduce his sentence because the "residual clause" of Section 924(c) is inapplicable to his Count One conviction. More precisely, Defendant argues because the jury returned a general verdict finding him guilty on all counts, it is unclear whether the requisite predicate crime his Section 924(c) conviction followed was Count One or Two. Further, in light of Davis, which determined Hobbs Act conspiracy to interfere with commerce by threats or violence is no longer an act of violence, Defendant argues any Section 924(c) conviction under this charge would no longer be tenable. Davis, 588 U.S. at 46–70.

Defendant challenges the validity of his sentence, which is not cognizable in a motion for sentence reduction. Any claim, akin to Defendant's, that the Court's prior sentencing decisions were wrongly decided, is not an appropriate basis for a Motion for Sentence Reduction. As

emphasized in Ferguson, "[b]ecause [18 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as a motion for compassionate release, to sidestep Section 2255's requirements." United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022); see also United States v. Hawkinson, No. 3:18-CR-259, 2024 WL 1471544, at *3 (W.D.N.C. Apr. 4, 2024). More explicitly, "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." Ferguson, 55 F.4th at 266.

Furthermore, Defendant's conduct in preparing for the robbery actually occurred and presented a clear danger to the public. While the "stash house" may have been fictitious, Defendant's "criminal conduct in conspiring to commit the robbery was very real." United States v. Baines, No. 1:13CR255-2, 2022 WL 706779, at *3 (M.D.N.C. Mar. 9, 2022). Defendant procured a shotgun and shells for the robbery, was aware his coconspirators planned to "'bust out the gate" and go in shooting, and stated he planned to "sell his share [of cocaine] on the streets." (Doc. No. 138.) Defendant was judged by a jury of his peers who found his conduct sufficient to warrant conviction. Even if the robbery was never to come to fruition, the conspiracy and all preparation to undertake the robbery occurred and posed a serious threat to the public.

The Court concludes Defendant has failed to identify any extraordinary and compelling reasons for relief, which is sufficient to deny his Motion.

### C. Section 3553(a) Sentencing Factors

Even if Defendant had identified the requisite extraordinary and compelling reasons for relief, the Court concludes the sentencing considerations outlined under 18 U.S.C. § 3553(a) weigh against any reduction in Defendant's sentence.

In considering whether a sentence reduction is warranted given the applicable Section 3553(a) factors, the Court considers, among others: "the nature and circumstances of the offense;" the "history and characteristics of the defendant;" and necessity the sentence "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the species of sentences available and their associated ranges; and "the need to avoid unwarranted sentence disparities." Deiguez, 2024 WL 2808656, at *2 (citing 18 U.S.C. § 3553(a)). Notwithstanding the existence of any extraordinary and compelling reasons, the court retains the discretion to deny a defendant's motion after balancing the applicable factors discussed above. High, 997 F.3d at 186 ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.")

Defendant argues a sentence reduction is warranted due to the "tremendous steps" he has taken to rehabilitate himself, particularly given his relatively turbulent upbringing and apparent acceptance of responsibility for his actions. Defendant also argues that he does not present a threat to public safety due to both his advancing age and rehabilitation. This Court disagrees.

Defendant, in his nine years of incarceration, has completed a modest number of educational courses and work assignments. He additionally has received five nonviolent citations, including two within the last two years. (Doc. 183.) Moreover, Defendant's criminal history reflects a nearly unbroken and persistent engagement in violent or drug-related criminal activity since 1985, including four prior convictions for assault on a female, six prior drug-trafficking convictions, one conviction for resisting arrest, and one conviction for second-degree burglary. (Doc. No. 183.) Furthermore, while true that individuals have lower rates of recidivism later in

life, this does not appear to be the pattern followed by Defendant. As Defendant himself underscored, "It is the latter half of [one's] life" that provides the clearest picture of his or her character. (Doc. No. 180.) Here, Defendant committed his most severe crime in his mid-forties, suggesting age has not reduced his risk of reoffending. U.S. Sent'g Guidelines § 5H1.1. Evidence suggests Defendant remains a potential threat to public safety. While Defendant's efforts at rehabilitation are commendable, they do not outweigh the seriousness of his offense, extensive criminal history, the need to protect the public from any potential recidivism, and the need for general deterrence.

In short, even had Defendant shown an "extraordinary and compelling reason" to reduce his term of imprisonment, this Court's consideration of applicable Section 3553(a) factors cuts against any reduction of sentence. This Court, ergo, denies Defendant's Motion for Sentence Reduction.

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion for Compassionate Release, (Doc. No. 168), and Defendant's Motion for Sentence Reduction, (Doc. No. 180), are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 1, 2024

Frank D. Whitney
United States District Judge